### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| BARRY GENE KIDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   5:13-CV-0839-RBP-JHE |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 22, 2013, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). On June 7, 2013, the plaintiff filed a Motion for Leave to File an Amended Complaint (Doc.9) and attached an Amended Complaint to the motion.

In the amended complaint the plaintiff addresses the report and recommendation of the magistrate judge and restates the arguments of his complaint. The plaintiff seeks to add Commissioner Kim Thomas, Former Director of Classification Carolyn Golson and the current Director of Classification Casandra Conway as defendants. The plaintiff argues also, as he did in his original complaint, that he is being denied due process by the new "R" classification and that the new classification scheme is prohibited by the *Ex Post Facto* Clause of the Constitution. The Supreme Court has said that for a law to be *ex post facto* it must be more onerous than the prior law. *Dobbert v. Florida*, 432 U.S. 282 (1977). The plaintiff maintains that the "R" classification has in fact, increased his punishment because he is no longer eligible for work release, honor camps, lower level institutional placement. The Eleventh Circuit has stated clearly that an Alabama inmate has

no due process right directly under the United States Constitution to participate in the work release program. *Francis v. Fox,* 758 F.2d 1416 (11th Cir. 1985).  Likewise, the plaintiff does not have a constitutional right to an assignment to an honor camp or a lower level institution.  The plaintiff has not submitted any facts to support a finding that the sentence he was given when he was found guilty of murder in 2000 has been increased by the addition of an "R" to his classification.

The plaintiff also argues that he has been denied equal protection, but again does not provide any facts to support his claim.  The plaintiff reports that he has been a model prisoner, but speculates that the Parole Board will view him negatively because of his "R" designation.  If the plaintiff's speculations become a reality that will be the time for him to file a lawsuit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the "Amended Complaint" which the court has treated as objections to the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Accordingly, the Motion to Amend (Doc. 9) is DENIED and the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b).  A Final Judgment will be entered.

DATED this 8th  day of July, 2013.

 

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**